(80 South. 864)

HAIGLER v. HAIGLER.    (3 Div. 377.)

(Supreme Court of Alabama.    Feb. 13, 1919.)

WILLS ☞539—PROVISION FOR SURVIVORSHIP —RESTRICTION TO LIFETIME OF TESTATRIX.

Under will bequeathing to husband and children all property and providing that should children die before husband he "shall inherit their share," held, that provision as to survivorship was restricted to the lifetime of testatrix, so that, where she was survived by her husband and their two children, a son and daughter, the son took an unqualified fee in an undivided one-third interest in land devised.

Sayre, Somerville, and Thomas, JJ., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Suit to construe will of Mildred M. Haigler, deceased, between David H. Haigler and Margaret Haigler. From decree rendered, the former appeals. Affirmed.

Eugene Ballard, of Prattville, for appellant.
W. P. McGaugh, of Montgomery, for appellee.

McCLELLAN, J. The last will and testament of Mildred M. Haigler, deceased, executed June 22, 1892, contains these presently important provisions:

"I do hereby will and bequeath to my husband, David H. Haigler, and my children, all of real and personal property, moneys, and all other properties that I now possess, or that I

may hereafter inherit, either personal or real. Should my children die before my husband, he, the said D. H. Haigler, shall inherit their share, and at his death, it shall revert back to my nearest of kin."

The testatrix died in May, 1894. The instrument was seasonably probated. The testatrix and her husband had two children at the time the will was executed. They were Henry Whipple and the appellee, Margaret Haigler. These children were living when testatrix died in May, 1894. On July 24, 1918, Henry Whipple Haigler died, intestate and without heirs other than the appellant and the appellee, his father and sister, respectively. The question presented for decision in the court below and again on this appeal is whether David H. Haigler took a life estate in the undivided one-third interest, in the land described in the bill, that passed to Henry Whipple Haigler, since deceased, or, according to the appellee's contention, whether, under the statutes of descent, there passed to appellee an undivided one-half interest in and to the undivided one-third interest devised to Henry Whipple Haigler, since deceased, by the will of his mother, Mildred M. Haigler, deceased.

Under the will of his mother, Henry Whipple Haigler took an unqualified estate in fee in an undivided one-third interest in the land described in the bill. He became a tenant in common therein, with his father and sister. In accordance with the very recently restated doctrine of Burleson v. Mays, 189 Ala. 107, 66 South. 36, and O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; both distinguishing the result attained on second appeal in Smith v. Smith, 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045, from the operation of the rules repeated in these later cases, it must be held, as the court below decided, that the period during which the will's provision for survivorship should have effect was restricted to the lifetime of the testatrix, and was not projected beyond the decease of the testatrix.

The decree of the court below, so construing the will of Mrs. Haigler, was well rendered. It is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.

SAYRE, J. (dissenting). It is hornbook law that the purpose of all testamentary construction is to ascertain the intention of the testator. From the language used in this case it would appear to be rather obvious that testatrix intended that, in the event one or both of her children should die before her husband, then her husband should take the share or shares left by them and have the use of the same during his life, and that this limitation over should take effect whether the

202 ALA.—31

child or children died before or after testatrix, but it is supposed that Smith v. Smith, 139 Ala. 406, 36 South. 616, Burleson v. Mays, 189 Ala. 107, 66 South. 36, and O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81, establish a rule which, applied to this case, results in the husband's taking nothing by the death of his son for the reason that both the son and the husband survived testatrix. The supposed rule was not followed in Smith v. Smith. See report of that case in 157 Ala. 79, 47 South. 220, 25 L. R. A. (N. S.) 1045. It was based upon the text of 29 Am. & Eng. Encyc. Law (1st Ed.) pp. 486 and 502, where the supposed rule was stated in the following language:

"*Words of Survivorship—To What Period Referred.*—Where the gift is to take effect in possession immediately upon the testator's decease, words of survivorship are regarded as intended to provide against the death of the objects of the gift in the lifetime of the testator, and prima facie refer to his death. Early English cases extend the rule to cases in which the gift was postponed to a prior life estate, or other particular interest carved out. The later English cases abandoned this position and adopted the rule that whether the gift be immediate or postponed, and whether the property be real or personal, words of survivorship prima facie refer to the period of division. If there is no previous interest given, the period of division is the death of the testator, and survivors at his death take the whole; but, if a previous life estate be given, then the period of division is the death of the life tenant, and survivors at such death take the whole."

And again:

"If there is an immediate gift to A. and a gift over in case of his death, or if he die, or any similar expression implying the death to be a contingent event, the gift over will take effect only in the event of A.'s death before the testator."

The context and the cases cited in the notes show that the quotation first above set out had reference to the meaning of words of survivorship in the case of a gift to a class of beneficiaries, and the rule stated results from the consideration that the law favors such an interpretation as will permit estates to vest at the earliest possible moment, and to that end words of survivorship are construed as referring to the death of the testator where the context does not clearly show that they have reference to a subsequent date. McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015. So much of the second quotation as is important at this time consists in the following language to be found on page 504 of the text:

"In regard to realty, if the devisee (devisor) gives A. the fee, a gift over, in case of A.'s death, will be held to refer to his death before the testator."

The reason for this rule is found in O'Mahoney v. Burdett, L. R. 7 H. L. Cas. 395:

"If, in such a case, the words are to be read literally, you have, in the first, the absolute gift, and then a gift over in the event of death, an event not contingent but certain, and, in order to avoid the repugnancy of an absolute giving and an absolute taking away, the court is forced to read the words 'in case of death' as meaning in case of death before the interest vests."

The context, however, may show that the testator referred to death at any time. 29 Am. & Eng. Ency. p. 503. And upon the same page with the last quotation the text-writer says that—

"It may be laid down as a general rule of construction that, where the context is silent, words referring to the death of a prior devisee or legatee, in connection with some collateral event"—in this case the survivorship of the limitee over—"apply to the contingency happening at any time, as well after as before the death of the testator."

And in the note it is said:

"Of course, if the event"—in this case the death of the children before that of the husband, a contingent, not a certain event—"happens in the testator's lifetime, the ulterior gift is accelerated."

The foregoing principle is thus stated by the Supreme Court of the United States:

"When indeed a devise is made to one person in fee, and 'in case of his death' to another in fee, the absurdity of speaking of the one event which is sure to occur to all living as uncertain and contingent has led the courts to interpret the devise over as referring only to death in the testator's lifetime. 2 Jarman on Wills, c. 48; Briggs v. Shaw, 9 Allen [Mass.] 516; Lord Cairns in O'Mahoney v. Burdett, L. R. 7 H. L. 388, 395. But when the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children"—or, as we may add with reference to the needs of the case before us, the death of one or both of the children prior to the death of the husband—"the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator. O'Mahoney v. Burdett, above cited; 2 Jarman on Wills, c. 49." Britton v. Thornton, 112 U. S. 526, 5 Sup. Ct. 291, 28 L. Ed. 816.

In other words, the husband of testatrix was an executory devisee, and it is no objection to his estate—contingent then, vested now—that it was limited to take effect after a fee. 4 Kent, Comm. 269. The foregoing authorities lead directly and clearly to the conclusion that appellant took the estate claimed by him in the interest of his deceased son, and that the decree to the contrary should be reversed.

Now as to the Alabama cases which are supposed to have controlled the decree:

In Smith v. Smith, the limitation over was by the judgment of this court made operative though the contingency upon which it took effect happened after the death of the testatrix.

In Burleson v. Mays, the language was:

"If Prudence E. Bottoms should decease without leaving any lawful heir, Martha E. Bottoms shall have all of my estate; if Martha E. Bottoms should decease without leaving any lawful heir, Prudence E. Bottoms shall have all of my estate."

"Lawful heir" was read to mean "child" or "issue"; and, both daughters having survived the testator, it was held that they took their interests free of the conditions mentioned in the will. The contingent gift over was to a class, and, by reason of the rule which favors the vesting of estates, fell within the controlling influence of the quotation first above from 29 American and English Encyclopedia of Law. Here the limitation over was to the appellant. By the sixteenth item of the will in O'Connell v. O'Connell, the same rule was made applicable to the devise over in that case. The present appeal involves a case different in material respects from any of those considered in the cases upon which the decree in the court below seems to have been based.

SOMERVILLE and THOMAS, JJ., concur in this dissent.