---

(No. 15491.—Reversed in part and remanded.)
FANNIE DeHAAN, Appellant, *vs.* NELLIE DeHAAN *et al.* Appellees.

*Opinion filed October 20, 1923.*

1. WILLS—*when payments of income must be made annually to beneficiaries.* Under a will devising real estate in trust for ten years, with directions to the trustees to divide the income in specified portions among the testator's widow and three named children, and providing, in another clause, that the trustees shall render an account annually, the trustees must divide and pay over the income annually, there being nothing in the will to indicate any contrary intention.

2. SAME—*when support for widow and minor child is for one year, only.* Where the testator has devised his land in trust for ten years and the income is to be divided between the widow and three named children in specified portions, the trustees to render an annual account, a provision that the executor pay the widow whatever is needed for the support of herself and a minor child "until a distribution is made under the trust," requires payment by the executor for one year, only, or until the first distribution of income is made by the trustees.

3. SAME—*rule where there is a devise simpliciter to one person and "in case of his death" to another.* Where there is a devise *simpliciter* to one person and in case of his death to another, there being no circumstances of an uncertain nature specified with respect to such death, the death contemplated by the testator will be regarded as one preceding his own, and the devisee takes a fee.

4. SAME—*when widow takes a fee and not merely a life estate.* Where a testator, after devising his real estate in trust for ten years, with directions to pay the widow 34 per cent of the income, makes a direct devise of 34 per cent of the real estate to the widow on the termination of the trust, and also a direct bequest of 34 per cent of all the personal property, the widow takes the fee in such portion of the real estate, subject to the trust, and the fee in such portion of the personal property, notwithstanding a subsequent clause providing that the interest which the widow is to take under the will "shall in case of her death" go to a named son of the testator.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

CHARLES A. KARCH, and KEEFE & BAXTER, for appellant.

KRAMER, KRAMER & CAMPBELL, for appellees.

J. J. BULLINGTON, guardian *ad litem,* for Henry J. De-Haan, Jr.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed her bill in the circuit court of St. Clair county seeking a construction of the provisions of the last will and testament of Henry J. DeHaan, deceased. He left him surviving appellant, his widow, and appellees, his children and only heirs-at-law. The provisions of the will presented for construction are as follows:

"(1) I first direct that my executor shall pay all of my just debts.

"(2) I give and devise all of my real estate to Adrian DeHaan, Duncan Smith and Fanny DeHaan, my wife, in trust for a period of ten (10) years, to manage and control the same, to pay all taxes

and expenses incurred in preserving the real estate, and to divide the net income as follows, namely, thirty-four per cent (34%) to my wife, Fanny DeHaan; the remaining sixty-six per cent (66%) of the net income is to be divided equally among my three children, namely, Adrian DeHaan, Nellie DeHaan and Marie Smith (*nee* DeHaan).

"(3) The trustees as above named shall render an account annually.

"(4) The trustees are also authorized to dispose of any portion of the real estate whenever they deem it expedient or necessary, and in the event that any portion of it be disposed of, the proceeds realized from such disposition shall be re-invested in other improved real estate or first real estate mortgages.

"(5) At the expiration of the aforementioned trust all my real estate shall be divided as follows: I give and devise to my wife, Fanny DeHaan, thirty-four per cent (34%), and to my children, namely, Adrian DeHaan, Nellie DeHaan and Marie Smith, (*nee* DeHaan,) twenty-two per cent (22%) each.

"(6) I give and bequeath to my wife, Fanny DeHaan, thirty-four per cent (34%) of all my personal estate.

"(7) I give to each of my three children, namely, Adrian DeHaan, Nellie DeHaan and Marie Smith, (*nee* DeHaan,) twenty-two per cent (22%) of all my personal estate.

"(8) I give to my child H. J. DeHaan the sum of one dollar ($1).

"(9) I direct my executor to pay my wife, Fanny DeHaan, whatever is needed for the support of herself and child, Henry J. DeHaan, Jr., until a distribution is made under the trust above created.

"(10) The interest which my wife, Fanny DeHaan, is to take under this will shall in case of her death go to my son Henry DeHaan, Jr.

"(11) I appoint my son Adrian DeHaan executor of my will, to serve without compensation and to act as executor without bond."

Three questions are presented for determination. The first is whether the net income arising from the real estate in trust is to be distributed annually in the proportions therein provided and paid to the distributees at the time of making the annual account, or is to be retained by the trustees until the expiration of ten years before a distribution is had. The second question is whether the support of appellant and Henry J. DeHaan, Jr., provided for in clause 9,

shall continue for the period of one year or shall continue until the final distribution by the trustees at the expiration of the ten-year period. The third question is whether appellant is bequeathed and devised a life estate or a fee in the real and personal property given her by the will.

The circuit court construed the will as directing that the trustees of the real estate were to divide and pay the net income annually to the legatees therein named, according to the proportion therein provided; that the support directed to be paid to appellant and her son, Henry, should continue only until the first distribution of the net income is made by the trustees of the real estate; that appellant took but a life estate in the real and personal property and income given her by the will, the remainder thereof to pass upon her death to the son Henry in fee, and that the life estate in the realty devised is subject to the trust created.

It is contended by appellant that the net income arising from the real estate in trust is to be apportioned as provided in clause 2 and paid annually at the time of making the annual accounting provided for in clause 3; that the executor or trustees are to pay to her, for the support of herself and her child, Henry, whatever is needed for a period of ten years or until the termination of the trust provided for in clause 2; that she takes a fee in thirty-four per cent of the real estate, subject to the ten-year trust in clause 2, and thirty-four per cent of the personal property in fee, to be paid to her after the expiration of the year for administration.

By clause 2 the testator disposes of his real estate to trustees for a period of ten years, directing that they manage and control the same, pay all taxes and expenses incurred in preserving the real estate, and divide the net income in the proportions there specified. By the third clause the trustees are required to render an account annually. While in clauses 2 and 3 the word "pay" is not used, the language of the testator, "to divide the net income," when

considered with the provision for an annual accounting in clause 3, clearly indicates that a distribution of the income is to be made annually. The will contains no other provision for the disposition of accumulated income arising from the *corpus* of the trust. In clause 5 only the real estate is disposed of after the termination of the trust, and no language is used from which it might be inferred that there would be any accumulated earnings at the expiration of the ten years other than the net earnings for the last year. The only logical construction to be given to the language of the will is that the net income is to be divided annually in the proportions directed in clause 2 of the will. The chancellor did not err in placing this construction upon that portion of the will.

The second issue arises out of the language used in clause 9, in which the testator directs that the executor pay to appellant whatever is needed for the support of herself and child, Henry, until a distribution is made under a trust created in clause 2. It is important to note that this direction is to the executor and not to the trustees of the real estate. The executor has no power or control over the real estate or its income except for the purposes of administration in case there is not sufficient personal property to pay the debts and legacies, which are a charge upon the real estate. We are unable to see wherein this direction to the executor has any connection with the trust created in clause 2 other than the power of the executor to provide the necessary support, which is terminated upon the first distribution made by the trustees under clause 2. At the close of the administration of the estate by the executor his power as such executor ceased. The testator having made this specific direction to the executor, it would seem that he intended that appellant should receive support until the first distribution was made. This view is strengthened by the language "until a distribution is made." Such language can hardly be said to indicate but one distribution,

and that at the end of the trust period. In comparing clause 2 with clause 9 it seems clear that the intention of the testator was to provide the needed support for appellant and Henry by the executor until the first annual report and division provided for in clause 2, and that thereafter such support should be derived from clause 2 until the termination of the trust, ten years after the death of the testator.

In clause 5 the testator disposes of the remainder of all of his real estate after the creation of the ten-year trust and makes a direct devise to Fannie DeHaan of thirty-four per cent thereof and to each of his three named children twenty-two per cent thereof. In clause 6 the testator makes a direct devise to appellant of thirty-four per cent of all of his personal estate. Standing alone, this is a devise *simpliciter* to appellant. By the language thus used, unless modified by clause 10 of the will, the appellant takes a fee simple in thirty-four per cent of the real estate, subject to the ten-year trust, and a fee in thirty-four per cent of the personal estate less costs of administration and payment of debts. It is important to note what modification, if any, is made by the testator by clause 10, in which it is said: "The interest which my wife, Fanny DeHaan, is to take under this will shall in case of her death go to my son Henry De-Haan, Jr."

Appellant's interest, other than the right to support for one year provided for in clause 9, is thirty-four per cent of the net annual income of all of the real estate, thirty-four per cent of the real estate, subject to the ten-year trust, and thirty-four per cent of the personal estate after the payment of debts and costs of administration. This interest is "in case of her death" to go to the testator's son Henry. There are no circumstances of an uncertain nature specified with respect to death of appellant. Neither does the will directly or by implication fix any relative time with respect to such death. The rule is, that where property is devised *simpliciter* to one person and "in case of his death to an-

other, there being no circumstances of an uncertain nature specified with respect to such death, the death contemplated by the testator will be regarded as one occurring before his own death, and such devisee takes a fee." (*Fifer* v. *Allen,* 228 Ill. 507; *Carpenter* v. *Sangamon Trust Co.* 229 id. 486.) There is a well recognized distinction between a devise *simpliciter* to one person and in case he die to another, and a devise over coupled with a contingency which may or may not happen. In the former the time of death is, in the absence of other controlling language of the will, taken to mean death before the death of the testator, while in the latter the time of death referred to is death at any time under the conditions named, either before or after the death of the testator. (*Strain* v. *Sweeny,* 163 Ill. 603; *Kleinhans* v. *Kleinhans,* 253 id. 620.) Since there is a devise *simpliciter* of both real estate and personal property to the appellant in this case, and there is no contingent or uncertain circumstance connected with her death and no language of the will showing a different meaning, death must be construed to mean death before the death of testator. The appellant, therefore, took a fee in thirty-four per cent of the real estate of the testator, subject to the trust provided for in clause 2, and a fee in thirty-four per cent of all of the personal property and income from the real estate after the payment of debts, legacies and costs of administration, and the chancellor erred in otherwise holding.

The decree, so far as it relates to the reports and distribution by the trustees and the period of support for appellant and her son, is affirmed and reversed as to the interest taken by appellant, and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed in part and remanded.*