1016

Mathis, Thomas & Glover, of Houston, for appellants.

J. D. Pickett, of Palestine, for appellees.

LANE, Justice.

Charles J. Grainger, a resident of Anderson county, Tex., died leaving a last will and testament, written wholly by himself. Those parts of the will material here are as follows:

"1st. I desire, and appoint, my two Sisters—Mrs. Lillian G. Cunningham, and Mrs. Sue Dee Brown, my administratrix without bond, to carry out my wishes, and desires as written. I also appoint Charles Grainger Dibrell (My Namesake) of Galveston, Texas, as Executor without bond, to assist my Sisters in Settling up my Estate.

"2nd. After all my gifts to my near relatives are complied, then the balance of my Estate—land, money—Stock and Bonds, Household effects. Shall all go too my two Sisters—In event of their death, then my Estate, shall go too my living nieces, *blood kin* of my Sisters (*No Nephews—whatever.*).

"3rd. I give and bequest the following amounts, in—money, Two Hundred dollars too each of my living nieces, and Fifteen dollars too my living nephews—all to be my sisters children—and if alive, my cousin, Mrs. Laura A. Ford, Two Hundred dollars, also, if alive, John B. Dolson and his wife, *each* to have One Hundred dollars, *and* Judge, Charles Grainger, Dibrell, Five Hundred dollars (if alive), if not, then give it too his widow and son, Jr.

"4th. I give and bequest, too my Grand Niece, Katherine Nevil Carlisle, (if alive) for her Education, a Certificate #274, for Five hundred dollars, in the Guaranty B'ldg. & Loan Company in Houston, Texas, also an Insurance Policy, for One thousand dollar's in the Southwestern Insurance Co. in Dallas, Texas, for the benefit of her Education when it becomes due. I want my Estate to pay the premium until paid up. In event of her death, *then all Shall go to my Estate.*

"5th. I give & bequest to Sue Dee. Cunningham, (if alive) a Certificate #303, for Five Hundred dollars in the Guaranty B'ldg. & Co. in Houston, Texas, in event of her death, then it goes to my Estate.

"6th. In event of my death, I desire my Sisters too have my body cremated, if convenient (if not then burry the remains near my wife)."

Mr. Grainger died October 8, 1932, and his will was duly probated in the county court of Anderson county, at its March term, 1934. Mrs. Lillian G. Cunningham and Charles Grainger Dibrell qualified as executrix and executor, respectively, of the will. Mrs. Sue Dee Brown, named in the will of Mr. Grainger as an executrix of his will jointly with Mrs. Lillian G. Cunningham and Charles Grainger Dibrell, and also named as a devisee in said will, died on the 6th day of December, 1932, two months after the death of Mr. Grainger, the testator.

The nieces of the testator referred to in the will, and others, brought this action against Mrs. Lillian Cunningham, a surviving executrix named in the will, Charles Grainger Dibrell, an executor so named in the will, and others, praying for a construction of the will above set out, especially paragraph 2 thereof, it being the contention of the plaintiffs that by such paragraph the testator intended to bequeath to the two sisters, Mrs. Sue Dee Brown and Mrs. Lillian G. Cunningham, a life estate only to certain property, with remainder thereof to the nieces mentioned in the will; that such intent is evident when the will is considered as a whole; while the defendants contend that

by such paragraph the testator intended to and did bequeath to his two sisters named, the property and estate described in such paragraph, with the proviso that in the event either or both of said sisters should die before he did, then such property and estate bequeathed to such deceased sister should vest in his nieces.

The heirs of Mrs. Sue Dee Brown, who died after the death of the testator, intervened, joining the defendants in their contentions.

The cause was tried before the court and judgment was rendered construing said will.

It was shown that Mrs. Sue Dee Brown also left a will, which was duly probated in Anderson county; that the estate of Charles J. Grainger consisted of lands of the probable value of $20,000 and of stocks, bonds, and other personal property of the value of about $25,000, as shown by the inventory thereof; that neither Mrs. Cunningham nor Mrs. Brown, surviving sisters of the testator, had any daughter *blood kin;* that Mrs. Cunningham had adopted a daughter, Sue Dee Loper, and Mrs. Brown had two sons, her only children; that the plaintiffs are nieces of Charles J. Grainger and blood kin of his deceased sisters; that plaintiffs Mrs. Vive De L. Berry, Mrs. Ma Belle Carr, and Mrs. Aimee Lee Atkins are daughters of Mrs. Eliza Grainger De Lesdernier, who died in 1931; that Mrs. Natalie Carlisle and Miss Grace B. Taylor are daughters of Mrs. Alice Grainger Taylor, who died in 1911; that Mrs. Bessie Charliss and Mrs. Lillian Riley are daughters of Mrs. Fannie Grainger Lidstone, who died in 1928.

The judgment rendered recited:

"1. Sue D. Brown and Lillian G. Cunningham, each, took under the will of Charles J. Grainger, a presently vested absolute fee simple estate without condition, limitation or restriction, in an undivided one-half of all the property mentioned in said will, save and except so much of said property as shall be necessary to pay and satisfy the legacies bequeathed by said will.

"2. The limitation over the residue of testator's estate to his nieces provided for in the second clause of his will could take effect only in the event that the first taker died before testator did."

The court being requested to file findings of fact and conclusions of law, in addition to finding the matters stated in our preliminary statement, as facts found:

"That Mrs. Brown and Mrs. Cunningham were both in late middle life at the time said will was written; neither had a large estate and the evidence shows that at least one of them was then in needy circumstances; that these sisters had lived in the same town with the Testator and both of them had been very loyal and very helpful to him in the course of litigation beginning in 1928 and which was not concluded until more than a year after his death, involving the contest of a will made by his wife during her lifetime which jeopardized all of his property.

"That in paragraph second of the will hereinabove quoted, the real intention of the testator as expressed in said paragraph was, that after all legacies bequeathed by his will had been paid and delivered to the legatees named therein, then if Mrs. Brown and Mrs. Cunningham, his sisters, survived him, the residue of his estate should go to Mrs. Brown and Mrs. Cunningham, share and share alike, each of them taking a presently vested absolute fee simple estate, without condition, limitation or restriction, but that if Mrs. Brown and Mrs. Cunningham, or either of them, should die before the testator, then the share that such one would take, had she survived the testator, should go to the nieces of the testator who were living at the time of his death."

The conclusions of law filed by the court are as follows:

"Sue Dee Brown and Lillian G. Cunningham, each, took under the will of Charles J. Grainger a presently vested absolute fee simple estate without condition, limitation or restriction, in an undivided one-half of all the property mentioned in said will, save and except so much of said property as shall be necessary to pay and satisfy the legacies bequeathed by said will.

"The limitation over of the residue of testator's estate to his nieces provided for in the second clause of his will could take effect only in event that the first takers died before the testator did.

"Sue Dee Brown and Lillian G. Cunningham both having survived the testator, the other beneficiaries named in the will can take nothing more than the specific legacies bequeathed to them in said will.

"That after the special bequests made in the will of Charles J. Grainger and other lawful charges against his estate are paid and satisfied, the representatives of the estate of Sue Dee Brown are entitled to receive one-half the residue of Charles J. Grainger's estate, and Lillian G. Cunningham, or her heirs and legal representatives,

are entitled to receive the other-one-half of the residue of Charles J. Grainger's estate."

The plaintiffs have appealed from the judgment of the court construing the will.

By appellants' first assignment, contention is made that the language of the will taken and considered as a whole clearly indicates that the intention of the testator was that a life estate only should vest in his two sisters, Mrs. Brown and Mrs. Cunningham, with remainder at their death to his nieces, blood kin of his sisters, and that since the cardinal rule of testamentary construction is to ascertain the intent of the testator and give it effect, the court erred in construing the will as vesting an absolute fee-simple title to the property in dispute in his sisters, Mrs. Brown and Mrs. Cunningham.

■ We overrule appellants' contention in so far as it asserts that the court erred in its construction of the will in question.

■ It is well settled that where a gift over is made contingent upon the death of a first taker, as in the present case, a gift over cannot take effect unless the first taker dies during the life of the testator.

In 3 Jarman on Wills, pp. 605 and 661, the rule is stated as follows: "If there is an immediate gife to A., and a gift over in case of his death, or any similar expression implying death to be a contingent event, the gift over will take effect only in event of A's death before the testator's." (Quoting Meek v. Trotter, 133 Tenn. 145, 180 S.W. 176.)

In the case of Johnston v. Reyes (Tex. Civ.App.) 183 S.W. 7, 8, the court, in part, says: "The bequest [to plaintiff] is followed by the proviso that 'in case she dies' the property should go to the others named therein. * * * It is much more reasonable, and more in conformity to the language used * * * to construe the words 'in case she dies' to mean in case she died *before the testator died.* No one would use the term 'in case she dies' except in reference to the happening of some other event. * * * It would be unreasonable to hold that the testator would use the words, 'in case she dies,' to mean when she dies."

In the case of Poore v. Poore, 226 Ky. 668, 11 S.W.(2d) 721, the Court of Appeals of Kentucky supports the position that appellees take in the case at bar in this declaration: "Will devising to testatrix's brother and sister equally residue of estate, and, 'in event of death of either, to survivor,' held to mean either's death if occurring before testatrix's."

Other authorities supporting the rule contended for by appellees are: 28 R.C.L., p. 230, § 191; De Haan v. De Haan, 309 Ill. 323, 141 N.E. 184; Fowler v. Ingersoll, 126 N.Y. 472, 28 N.E. 471; Coleman v. Haworth, 320 Mo. 852, 8 S.W.(2d) 931; Johnes v. Beers, 57 Conn. 295, 18 A. 100, 14 Am.St. Rep. 101; 69 Corpus Juris, 299, § 1325.

We have examined the cases cited by appellants and have reached the conclusion that they tend to support the judgment of the court rather than the contentions of appellants.

Having reached the conclusions above expressed, it becomes our duty to affirm the judgment of the trial court, and it is accordingly so ordered.

Affirmed.