(No. 24365.—
CARRIE P. KNIGHT *et al.* Appellees, *vs.* DORA KNIGHT, Appellant.

*Opinion filed December 17, 1937—Rehearing denied Feb. 3, 1938.*

Acton, Acton & Baldwin, (W. M. Acton, and Harvey H. Acton, of counsel,) for appellant.

Gunn, Penwell & Lindley, and Elmer O. Furrow, (Horace E. Gunn, of counsel,) for appellees.

Mr. Justice Shaw delivered the opinion of the court:

Ed Knight, a widower, died testate on November 9, 1926. Surviving him were his unmarried daughter, Dora Knight, and his son, Roy Knight. By the terms of his will, Dora Knight was appointed executrix and, after directing the payment of all debts and funeral expenses and bequeathing all of his personal property to her, the will provides as follows:

"4th: I give and bequeath unto my daughter, Dora Knight, and to my son, Roy Knight, all my real estate, with the provision that the same not be sold until at least twenty years after my decease, and in the event of the death of either of the two named heirs the real estate is to be the property of the survivor."

Roy Knight died, intestate, in September, 1936, leaving Carrie Knight, his widow, and two minor children as his heirs-at-law. They filed a bill in the circuit court of Vermilion county seeking partition of the real estate disposed of by the will, which consists of approximately sixty acres of farm land. A decree for partition was rendered which awarded one-half of the land to the appellant and one-sixth to each of the appellees. This appeal followed.

The only question presented for determination is: As the survivor of the two children, does the fee in the land vest in Dora Knight under the terms of her father's will? The rule is that where property is devised *simpliciter* to one person and in case of his death to another, there being

no circumstances of uncertain nature specified with respect to such death, the death contemplated by the testator will be regarded as one occurring before his own, and a fee vests on the death of the devisor. (*DeHaan* v. *DeHaan,* 309 Ill. 323; *Tomlin* v. *Laws,* 301 id. 616.) The provision in this will falls directly under this rule and there is no basis for any other construction. Since there was a devise *simpliciter* to the appellant and her brother and there is no contingent or uncertain circumstance connected with their deaths and no language of the will showing a different meaning, death must be construed to mean death before the death of the testator.

The appellant insists that under the circumstances shown by the evidence the testator intended to leave the property so that upon the death of one child the property should go to the survivor. The intention of the testator which courts will carry into effect is that expressed by the language of the will. This language will be interpreted in view of the circumstances surrounding the testator, but will not be permitted to import into the will an intention different from that expressed by its language, however clearly such different intention may be made to appear. (*Hollenbeck* v. *Smith,* 231 Ill. 484; *Engelthaler* v. *Engelthaler,* 196 id. 230.) The wording of the will is plain and the court can not change the language even if the testator intended something different from what he said.

The decree of the circuit court of Vermilion county ordering a partition of the premises is affirmed.

*Decree affirmed.*