RENNER et al. v. GERMAN.

No. 5833.

Court of Civil Appeals of Texas. Amarillo.
Dec. 15, 1947.

Rehearing Denied Jan. 19, 1948.

Will Crow, of Canadian, for appellants.

H. Grady Chandler, of Austin, Roy Sansing, of Higgins, and Q. C. Taylor, Fisher A. Tyler, and Roger B. Tyler, Jr., all of Austin, for appellee.

PITTS, Chief Justice.

This suit is in the nature of trespass to try title filed by appellants Jennie B. Renner, joined by her husband George W. Renner, against appellee O. O. German seeking to recover title and possession of 320 acres of land situated in Lipscomb County, Texas. The case was tried to the

court without a jury and judgment was rendered on July 24, 1947, that appellants take nothing as a result of their suit and that appellee have title and possession of the land together with the rentals received from the land during the past year in the sum of $3,126.87, which rentals were agreed by stipulation of the parties to be placed in the registry of the trial court to be awarded to the party to whom the land in question is awarded in a final judgment as a result of a trial on the issues of title.

Appellants present their appeal to this Court on seven points of error but it is our opinion that the controlling issue in the case is presented in the first point raising the question of properly construing the terms of a will or of giving a proper legal interpretation to its terms.

The will in question was that of William R. German who executed the same on April 26, 1944, and who died thereafter on May 1, 1944, and the will was admitted to probate on May 27, 1944. Omitting the formal parts the terms of the said will were as follows:

"Second: After the payment of my just debts, funeral expenses of my last illness I give and bequeath my property and estate as follows:

"(a) I will, give, devise and bequeath unto my brother, Willis E. German, the lands now owned and occupied by me, situated at Canadian, Hemphill County, Texas, together with all improvements thereon and personal property, furnishings and effects in said improvements and upon said lands situated absolute, to have, use and/or dispose of as he may deem fit, suitable or proper.

"(b) The benefits which may become due and payable under and by virtue of the terms and conditions of Policy No. K654-617, in the amount of $3000.00, issued upon my life by the United States of America —Government Life Insurance Police No. K654617—issued under the authority of and subject to the provisions of the World War Veterans Act, 1924, as amended, in which policy or contract of insurance, my sister, Jennie B. German, (that being her maiden name), who now resides in Washington, Pa., by whatsoever name she may now bear or bear at the time of my death by reason of marriage, is named as beneficiary, it being my specific desire and bequest that the proceeds from said policy of insurance be not paid to my said sister, as in said policy provided; but that the benefits thereof be paid to my said brother and sister aforesaid in equal parts, share and share alike, instead.

"(c) I will, give, devise and bequeath unto my said brother and sister aforesaid, share and share alike in equal parts, that certain tract and parcel of land, located and situate in Lipscomb County, Texas, (about 18 to 20 miles northwest of Canadian, Texas) described as follows to-wit:

"All in Section No. 236, Block No. 43, H. & T. C. Ry. Co., original grantee, and known as the Dr. German place, to do with as they see fit, it being my desire that they retain and operate said farm together and/or as a unit; but, if for reasons better known to or mutually agreed upon between the two of them, the privilege is granted to divide said lands in such portion or proportion as they desire and/or to retain, sell or otherwise dispose of the same as they see fit.

"(d) I will, give, devise and bequeath unto my said brother and sister aforesaid, share and share alike, all other property, funds, notes, accounts, stocks, bonds, and/or things of value of whatsoever nature, kind or character, whether real property, personal and/or mixed, absolute, to have and to do with as they deem fit and proper.

"Third: I further will and declare that no other person or persons, relatives or otherwise, share in my estate.

"Fourth: It is my further wish and desire, and I so provide, that in the event my said sister aforesaid precede my said brother in death, the benefits herein devised to her, my said sister aforesaid, shall go to and be enjoyed by my said brother, absolutely and without reservation; and in the event my said brother aforesaid precede my said sister, the benefits devised to him as aforesaid, shall go to and be enjoyed by my said sister, absolutely and without reservation."

The testator named his said brother, Willie E. German, independent executor

without bond and executed the will in duplicate with authority given to probate the duplicate if the original were not available for probate at the proper time.

The record reveals that the beneficiaries took immediate possession of the property under the terms of the will and that early in the year 1945 appellant, Jennie B. Renner, urged her brother, Willie E. German, to partition between them the section of land devised to them jointly in subsection (c) of paragraph two of the will in order that she might sell her part of the same since she and her husband were in need of money; that some three months thereafter they did partition the said land by the execution of partition deeds, Jennie B. Renner taking the west one-half of the section and Willie E. German taking the east one-half of the same; that in the transaction Willie E. German gave Jennie B. Renner his one-half interest of the $3,000 insurance policy devised to them to share equally in subsection (b) of the second paragraph of the will together with all of his undivided interest in the west one-half of the section in exchange for her undivided interest in the east one-half of the same section; that on April 6, 1945, Jennie B. Renner, joined by her husband, for such consideration above recited executed a warranty deed to Willie E. German for her undivided one-half interest in the said east one-half of the said section the same being the land here in controversy; that on October 22, 1945, Jennie B. Renner, joined by her husband, sold and conveyed by a warranty deed to R. H. Cowan and O. D. Cowan her west one-half of the said section of land above referred to for a consideration of $12,960; that on June 14, 1946, Willie E. German died intestate leaving as his sole heir his son, appellee, O. O. German.

On August 28, 1946, appellants filed this suit against appellee as the sole and only heir of Willie E. German for title and possession of the east one-half of the section of land in question, claiming that on the death of Willie E. German intestate, the east one-half of the section of land in question vested in appellant Jennie B. Renner by reason of the terms of the will executed by William R. German as expressed in subsection (c) of paragraph two and in paragraphs three and four of the said will. More definitely stated, appellants contend that by the terms of subsection (c), paragraph two, the testator gave the section of land to his brother and sister jointly to share it equally and authorized them to partition it, that in the third paragraph he declared that no other person should share in his estate, that in the fourth paragraph he provided that if and when either of the beneficiaries died the benefits therein devised to such beneficiary would immediately be vested absolutely in the other or surviving beneficiary and that when Willie E. German died on June 14, 1946, the title to the east one-half of the section of land in question passed to and vested immediately in appellant, Jennie B. Renner, under the terms of the will.

Appellee contends that subsection (c) of paragraph two of the will devised to testator's brother and sister jointly an equal undivided fee simple interest to the section of land in question, that it was the intention of the testator as expressed in the third paragraph of the will that no other person should take any of his property or share in his estate at the time of his death but that it was not the intention of the testator to place any limitation on the title to the property he devised to the parties under the terms of subsection (c) of paragraph two but that in order to prevent a lapse of any part of his estate at his death and in order to have the terms of his will as expressed in subsection (c) of paragraph two and as expressed in paragraph three carried out, he provided in paragraph four that in the event either of the beneficiaries died before he (the testator) died, the other or the surviving beneficiary in that event would receive all of the section of land in question at his death but that the provisions of paragraph four would become effective only in the event that one of the named beneficiaries should die before the death of the testator.

The controlling question to be determined is whether or not the testator intended by the language used in subsection (c) paragraph two of the will, to "give, devise and bequeath" to the named beneficiaries the section of land absolutely, in fee

simple and without limitation at the time of his death, or whether or not he intended to limit or diminish the rights of the beneficiaries in his estate by "cutting down" the estate by the use of subsequent language used in paragraph four.

▉▉▉ Although the east one-half of Section 236, Block 43, is the only property devised by the will that is in controversy here, we have set out the provisions of the will in full, except for the formal parts, in order that it may be considered "from its four corners" in an attempt to determine the intention of the testator and thus giving proper construction of the will from all of the language used, in compliance with the rule cited by appellants in the case of Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798, affirmed in 131 Tex. 287, 115 S.W.2d 405. The language of a will that is to be construed is rarely expressed in exactly the same language as other wills that have been construed and reported in other cases. Such a will is usually an instrument unto itself. We can therefore hardly adhere to rigid rules or precedents unless they are directly in point. General rules of construction have been well established however by adjudicated cases and they should be followed unless it clearly appears that a different meaning was intended by the testator in the language used.

It was said in the case of Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716, that: "In construing a will, all its provisions must be looked to for the purpose of ascertaining the real intention of the testator, and, if this can be ascertained from the language of the instrument, then any particular paragraph which, if considered alone, might indicate a contrary intent, must yield to the intention manifested by the whole instrument."

In the case of Gilliam v. Mahon, 231 S. W. 712, 713, the Commission of Appeals approved the following rule: "Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

The Commission of Appeals states with approval in the case of Darragh v. Barmore, supra, a kindred rule in different language as follows: "Where, as in this case, there is a provision that upon a certain contingency the estate given shall pass to another, the law favors the first taker and will construe the words of the will to grant to the first taker the greatest estate which they, by a fair construction in harmony with the will as a whole, are capable of passing."

Both of these cases have since been cited many times and these rules are still prevalent.

It appears that testator in this case by the language used in subsection (c) of paragraph two of his will clearly intended to "give, devise and bequeath" the section of land in question in fee simple to the parties in question without any restrictions or limitations being made. In the same subsection the testator apparently intends to state that the gift to each of them is unrestricted and without limitation when he authorizes them to partition the section if they desire in which event they may each "retain, sell or otherwise dispose of the same as they see fit." While the language subsequently used by the testator in paragraph four may be indefinite and susceptible to more than one construction, it is our opinion that the testator intended that his estate should vest absolutely and unconditionally in the two named beneficiaries if they were both living at the time of his death. Considering the language used by the testator as a whole with a view of harmonizing and giving effect to all the language therein used, it is our opinion that the testator did not intend to limit or restrict in any manner the gift of the land to his brother and sister as the same was devised and bequeathed to them in subsection (c), paragraph two of the will but that it was his intention by the language used in paragraph four to prevent a lapse of any part of his estate in the event one of the named beneficiaries should precede him in death and that it was his intention to so state by the use of the language found in paragraph four. It will be observed that the testator said in paragraph four that: "It is my fur-

ther wish and desire, and I so provide, that in the event my said sister aforesaid precede my said brother in death, the benefits herein devised to her, my said sister aforesaid, shall go to and be enjoyed by my said brother, absolutely and without reservation; and in the event my said brother aforesaid precede my said sister, the benefits devised to him as aforesaid, shall go to and be enjoyed by my said sister, absolutely and without reservation."

He began paragraph four with the statement, "It is my further wish and desire * * '*'," meaning that he wanted paragraph four added to what he had aready said without changing, contravening or restricting any provision he had already made. He likewise said "in the event" either beneficiary precedes the other in death, the survivor shall have all the land. He did not say "at the death" of either of them or "upon the death" of either of them or "when he or she dies" the survivor shall have all the land in question. If the testator had intended that the survivor should have all the land in question if and when the other beneficiary died at any time it would have been an easy matter to have used one of the expressions mentioned above or some other expression so stating. In support of our position and of the rules heretofore cited, we cite the following cases in addition to the authorities heretofore cited: Berry v. Cunningham, Tex.Civ.App., 99 S.W.2d 1016; St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425, 132 Am.St.Rep. 886; In re New York, Lackawanna and Western Railway Company, 105 N.Y. 89, 11 N.E. 492, 59 Am.Rep. 478; 69 C.J. 341, 342, Sec. 1347; 69 C.J. 343, 344.

█ It is a sound rule of construction that an express and positive devise in fee cannot be cut down, restricted or limited to an inferior estate by a subsequent clause in the will unless the language used in the subsequent clause be equally as expressive or positive as that first used. Courts refuse to cut down, limit or qualify by construction, an estate already granted in fee or absolutely, unless, the supposed terms of limitation alleged to exist in some subsequent portion of a will are as clear, unmistakable, and certain as those which de-

vise the fee, and the meaning and intention of the testator to so limit the estate granted is thereby indicated with reasonable certainty.

█ It has been many times held however that where a testator vests the first taker with the fee coupled with a defeasence based upon the contingency of death "without issue" or "without heirs of body" or "without an heir", the gift over, unless controlled by other provisions of the will, takes effect upon the first taker's death at any time, whether before or after that of the testator. But no such contingencies are found in the testator's will in this case.

In the cases cited below the testator in each case used similar conditional phrases to those in question here, used by William R. German in the fourth paragraph of his will. In each of these cases it was held that the word "death" used in the similar conditional phrases meant death before the death of the testator and not death at any time: Johnston v. Reyes, Tex.Civ.App., 183 S.W. 7; Berry v. Cunningham, supra; Poore v. Poore, 226 Ky. 668, 11 S.W.2d 721; Parker v. Stephenson, 127 Va. 431, 104 S.E. 39; Stedenfeld v. Stedenfeld, 92 N.J.Eq. 241, 114 A. 406; Haigler v. Haigler, 202 Ala. 480, 80 So. 864; Renner v. Williams, 71 Ohio St. 340, 73 N.E. 221; Knight v. Knight, 367 Ill. 646, 12 N.E.2d 649; Katzenberger v. Weaver, 110 Tenn. 620, 75 S.W. 937. We have found that these and many other jurisdictions observe the rules of construction in such cases in the same manner as those hereinabove cited.

It appears from the record that appellants must have given the same construction or interpretation to the terms of the will as we have given when Jennie B. Renner accepted the gift of the land under the terms of the will, urged her brother soon thereafter to partition it, sold and passed title to her half section of the land some nine months before her brother, Willie E. German died. She must have thought then that title of the land had unquestionably passed to her and that she had a right to sell it and give a clear title to it even before the other beneficiary had died. We think she clearly had such a right under

676

the terms of the will and that her brother, Willie E. German, had the right to retain his east one-half of the same section and that when he died intestate, title to the said east one-half of the section passed to his sole and only heir, O. O. German, appellee.

We overrule appellants' first point of error and as a result of this action their other points of error become immaterial. The judgment of the trial court is therefore affirmed.