LAMAR, executor, etc., *et al.* v. HARRIS.

A testator bequeathed certain shares of stock to a named person in trust for
his daughter.   The trustee named was also an executor of the will.   In
another item it was directed that the executors should hold the stocks re-
ferred to, together with other shares disposed of by the will, until a desig-
nated time, in the mean time paying the dividends arising therefrom "to
each of said legatees annually."   From the context it is apparent that in
this item the words "legatees" and "children" were intended as synony-
mous expressions.   *Held*, that it was the duty of the executors to pay the
dividends directly to the beneficiary of the trust; and the executor who was
also trustee could not exact commissions for handling the money in both
capacities.

Argued October 24,— Decided November 12, 1904.

Equitable petition.   Before Judge Felton.   Bibb superior court,
June 8, 1904.

*W. D. Nottingham,* for plaintiffs in error.   Intention of tes-
tator; and words not technical given general signification:   Civil
Code, §§ 3324, 3083; *Ga. R.* 68/141; 69/498.   Trustee is leg-
atee: 18 Am. & Eng. Enc. L. (2d ed.) 822; 131 N. Y. 456.
Trust executory: Civil Code, § 3156; *Ga. R.* 92/220, 772;
97/709; 98/738; 105/727.   Trustee's commissions: Civil Code,
§§ 2552, 3193, 3448; 14 *Ga.* 416.

*Davis & Turner, Dessau, Harris & Harris,* and *Hardeman &
Jones,* contra, cited Civil Code, § 3490; *Ga. R.* 66/363; 84/693.

CANDLER, J.   This case involves a construction of a portion of
the will of H. J. Lamar, an instrument which has already been
before this court in three different cases.   See *Lamar* v. *McLaren,*
107 *Ga.* 591; *Lamar* v. *Harris,* 117 *Ga.* 993; *Lamar* v. *Lamar,*
118 *Ga.* 684.   By item 2 of the will in question the testator
devised to his son, Henry J. Lamar Jr., in trust for his daughter,
Valeria Lamar McLaren (now Harris), a proportionate share of his
estate, including certain shares of stock in corporations therein

mentioned; and by item 4 it was directed that the executors (one of whom was Henry J. Lamar Jr.) should hold these stocks until January 1, 1925, in the mean time paying the dividends and profits arising therefrom "to each of said legatees annually." The sole question now presented for our decision is whether, under these provisions of the will, the term "legatee" is used in its technical sense and means the trustee in whom the legal title was vested, or had reference to the beneficiary of the trust; or, to state the question differently, whether it is the duty of the executors to pay the dividends arising from these stocks directly to Mrs. Harris, or whether Lamar as executor may pay them to himself as trustee, exacting therefrom commissions for himself in both capacities. The court below held that the executor must pay the dividends to Mrs. Harris directly, and with this view we agree. It is an elementary principle that in the construction of wills the primary object is to ascertain the intention of the testator. In the same item of the will in which it is directed that the dividends shall be paid annually to the "legatees" the following language is used: "provided, however, that if any of the *legatees* to whom the same is devised shall die before the first day of January, 1925, leaving no child or children, the income and dividends from the said stock so bequeathed to each *legatee,* as well as the stock, shall revert to and become a part of my estate to be distributed amongst my *surviving children* in equal shares." (Italics ours.)     From this language it is hard to draw any other conclusion than that the testator used the words "legatees" and "children" as interchangeable, and, for the purposes of that item of the will, synonymous. Immediately following the provision just quoted is the following: "The excess of said stocks or shares which I may own at my death over and above the number hereinbefore specifically devised I direct also to be held by my executors until January 1st, 1925; the dividends and profits arising therefrom to be distributed amongst my *children* at the time above designated in this item, and in the proportions as each may hold said stocks." Reading together the two portions of the will which we have quoted, which are both in the same item in which occurs the language which is now before us for construction, we think it is clear that the testamentary scheme was in accordance with the judgment rendered by the court below. There is

nothing in the will to indicate an intention that H. J. Lamar Jr. should administer the money arising from these dividends in a dual capacity as executor and trustee, and burden the fund with double commissions. His function as trustee was to conserve the stocks until the time designated in the will, and then distribute them amongst the cestuis que trust, and in the mean time the dividends of the stock were to go directly from the executor to those for whose support and maintenance the money was intended. A contrary construction of the will would be compatible with neither good business judgment nor the evident intent of the testator apparent from the context of the will. See, in this connection, *Williamson* v. *Wilkins*, 14 *Ga.* 418–419.

*Judgment affirmed. All the Justices concur.*