PEDEN IRON & STEEL COMPANY ET AL. (FIRST NATIONAL BANK
OF BRENHAM ET AL.) v. R. B. LOCKETT, ADMINISTRATOR,
ET AL. (ALMA H. WOOD ET AL.)

No. 7000. Decided April 13, 1938.
(115 S. W., 2d Series, 405.)

*Baker, Botts, Andrews & Wharton* and *P. R. Rowe, Jr.*, of
Houston, and *Searcy & Hodde*, of Brenham, for plaintiffs in
error.

It was the intention of testator that each child surviving

him should be vested with an absolute and indefeasible one-fourth interest in his estate. Bittner v. Bittner, 45 S. W. (2d) 148; Bufford v. Holliman, 10 Texas 560; Jones v. Hext, 67 S. W. (2d) 441.

*Ocie Speer* and *Wright Stubbs,* both of Austin, for defendants in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by R. B. Lockett, administrator of the estate of Howard B. Wood, deceased, seeking a construction of the will of his father, Frank W. Wood, also deceased, with a view to ascertaining whether the estate is entitled to an interest in the property devised by the will. The defendants, and intervening creditors of the estate, pleaded their respective interpretations of the will and likewise sought to have the court interpret it. The opinion of the Court of Civil Appeals sets out in full the provisions of the will; also sets out the material facts of the case, and states the question presented for determination. 84 S. W. (2d) 798. There were two applications for the writ and both were granted.

1 Upon a careful review and consideration of the record and the numerous briefs filed by the defendants and intervening creditors we have concluded that the will was properly construed by the Court of Civil Appeals to the effect that under its provisions the estate of Howard B. Wood is not entitled to any interest in the estate of his father, inasmuch as he (Howard) died without issue. We approve the construction and the reasons given therefor. In order that the opinion may be largely complete within itself, items four, six and nine thereof will be set out. They are as follows:

"Item Fourth. I give, devise and bequeath all of my property, both real and personal, that I may die possessed of, of every nature and kind, after payment of my just debts, to my beloved wife, Alma Hosea Wood, to have and to hold the same for and during her natural life, to use as she sees proper, with the remainder over and after her death to our four children, namely, Howard B. Wood, Frank W. Wood, Henry A. Wood, and Mattie Reeves Wood, and such other children as may be born to us, share and share alike.

"If any of my children shall die without issue, the interest of such devisees so dieing (dying) shall revert to and become a

part of the corpus of my estate, and be divided equally among my surviving child or children, and in the proportion and manner as herein stated."

\* \* \*

"Item Sixth. In the event of my wife's marriage, I desire and so will and direct, that all of my part of the estate on hand at the time of such marriage, be then divided equally among my surviving children, or their heirs."

\* \* \*

"Item Ninth. In the event of the death of my wife, or her failure to act from any cause, then I nominate, constitute, and appoint my three oldest sons, Howard B. Wood, Frank W. Wood, and Henry A. Wood, executors of this my will, jointly without bond or other security, and as such they are to have and exercise all the authority and power as hereinbefore given to my said wife."

2   The provision of the fourth item with reference to the interest of a child dying without issue and the reverting of the interest of such child to the testator's estate, could not, consistent with the other provisions of the will, have reference to the child's death prior to that of the testator. The child without issue predeceasing the testator could not in such event and at such time, have an interest to revert. See in this connection, St. Paul Sanitarium v. Freeman, 102 Texas 376, 117 S. W. 425, 132 Am. St. Rep. 886, Federal Land Bank of Houston v. Little, 130 Texas 173, 107 S. W. (2d) 375, and Darraugh v. Barmore, (Com. App.) 242 S. W. 714. The sixth item relating to the contingency of remarriage of the wife merely serves to accelerate the termination of her life estate, and incidentally accelerates the time of distribution of the property and must be construed in connection with the other provisions of the will, particularly the fourth and ninth items.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court, and rendering judgment, is affirmed.

Opinion adopted by the Supreme Court April 13, 1938.