## NORTHCOTT et al. v. TEXARKANA NAT. BANK et al.

### No. 5631.

Court of Civil Appeals of Texas. Texarkana.

June 25, 1940.

Rehearing Denied July 11, 1940.

**536**

E. Newt Spivey and W. T. Williams, both of Texarkana, and Louis Josephs, of Texarkana, Ark., for appellants.

Wm. V. Brown, Rodgers & Rodgers, and Wheeler, Atchley & Vance, all of Texarkana, Gabe P. Allen, of Dallas, Kemper, Hicks & Cramer and F. Warren Hicks, all of Houston, Leon Chapman, of Dallas, and Herbert Line, of Texarkana, for appellees.

HALL, Justice.

The Texarkana National Bank as independent executor named in the last will and testament of Marshall Northcott, deceased, instituted this suit in the District Court of Bowie County in the nature of a bill of interpleader seeking a determination of who the heirs of Marshall Northcott were and the portion each was entitled to receive of the residue of his estate in its hands. The bank alleged that it had duly probated the last will of Marshall Northcott, deceased, had qualified as independent executor under the terms thereof; that all specific bequests had been paid to the parties named in said will and entitled thereto; that all claims against said estate had been satisfied; and that it still had on hand certain money and property belonging to said estate undisposed of by said will.

Mrs. Jodie N. Scott, sister of Marshall Northcott, deceased, and a beneficiary under the terms of the will, filed a plea in abatement charging that the suit as to her was prematurely brought for the reason that she was a beneficiary for life in a trust created by said will and that said trust had not been fully performed. Mrs. Scott has since died, and no further notice will be taken of this pleading.

Appellant Mary Rose Northcott answered that she was a grand-daughter of Marshall Northcott, deceased, and as such, was entitled to the whole of the residue of said estate. In the alternative, she alleged that she was entitled to receive 3/13 of said residue for the reason that by the terms of said last will it was the intention of Marshall Northcott to dispose of his whole estate and her pro rata part of said residue is 3/13 thereof. Appellants Toledo O. Newlin Chambers and Marshall Lewis adopted the answer of Mary Rose Northcott, except that they each made claim to 1/13 of said residue. These appellants were beneficiaries under Northcott's will. Mary Rose Northcott received $15,000 and the other two appellants received $5,000 each.

Trial was to the court without a jury and resulted in a judgment determining who were the heirs of Marshall Northcott, deceased, and awarding to each the fractional interest in the residue of said estate to which he or she was entitled to inherit as an heir of said decedent. Judgment was against appellants Mary Rose Northcott, Toledo O. Newlin Chambers, and Marshall Lewis, both as to heirship and as participants in the residue of said estate. There is a stipulation in the record in which all parties agreed that the persons named in the court's judgment, as entitled to inherit the residue of this estate, were the heirs of Marshall Northcott, deceased. The list of heirs does not contain the names of appellants.

Appellants' proposition 3 is: "Construing the will of Marshall Northcott as a whole the court should have held that the property involved was testate and passed by the terms of the will to the beneficiaries in the will and that Mary Rose Northcott, Toledo O. Newlin Chambers, and Marshall Lewis should have recovered with the other legatees named in said will."

The introductory clause of the will is: "I, Marshall Northcott of Texarkana, do hereby revoke all other wills heretofore made by me and do now make and publish this as my last will and testament, disposing of all the property of every kind and character wherever situated which I may own at the time of my death, the disposition being as follows, that is, to say:"

Then follows the bequests to the individuals named in the will with directions as to certain trust funds. Paragraph 9 of said will is: "I direct that the payment of debts and the gifts in trust of One thousand dollars ($1,000.00) and of Twen-

ty thousand dollars ($20,000.00) to The Texarkana National Bank as trustee shall have priority and preference over all other gifts herein made, and if there is any deficiency, also considering the expenses of administration, in paying said other gifts after taking care of each of said trusts, then that the deficiency shall be divided, that is, the remainder shall be pro-rated between the other beneficiaries according to the amount respectively given each of them."

Paragraph 12 of said will appoints the Texarkana National Bank independent executor without bond. The will contains no residuary clause.

In appellants' brief is the statement that "the wording of the will is clear and unambiguous." This is also the contention of the appellees. After careful examination of said instrument we have arrived at the same conclusion. Therefore it is not necessary for us to resort to any of the rules of construction applicable to wills ambiguous in their terms in order to ascertain the intention of the testator, for no rule of construction is so elementary or compelling that it may be employed to add to or take from the terms of an unambiguous instrument in writing, whether it be a will or a contract. In effect appellants contend that the testator by the use of the expression "disposing of all the property of every kind and character wherever situated which I may own at the time of my death," contained in the introductory clause of the will, taken in connection with the priority of certain trusts provided for in paragraph 9 of said will, copied above, manifests an intention on the part of testator to dispose of the whole of his estate, and that the residue should be divided among the beneficiaries named in the will in the proportion their bequests bear to said residue. To so construe this will, couched as it is in clear and unambiguous language, we must add to it terms which the testator saw fit to omit. In effect there must be added a residuary clause in which the beneficiaries of the will are named as residuary legatees. This would amount, in part at least, to writing a new will for the decedent. This we must refrain from doing. The

bank alleged, and the court found, that every bequest of the will had been discharged according to the very terms of the will, which included the bequests to appellants. With this will before us in the clear and intelligent form in which it is written, we can not concern ourselves with whether Marshall Northcott deliberately, negligently, inadvertently, or by mistake left out of it the disposition of the property here in controversy, but only with the fact that it *was* omitted from said will. We think the above holding is supported by the case of Philleo v. Holliday, 24 Tex. 38, wherein it is said: "We have no means of ascertaining what disposition the testator would have made of the slaves in controversy, after the determination of the life estate of Mrs. Hill, if he had known the bequest of freedom could not have effect, according to his wishes. There were other legatees, to whom he might have chosen to give them in remainder, or he might have chosen that they should go to the heirs, for whom he made provision in certain events; or he might have provided for their freedom, by their removal out of the state. *It is left entirely to conjecture, and the courts never indulge conjecture, as to the possible or probable intention of the testator, for the purpose of helping out a bequest; for that, as has been said, would be assuming the power of making rather than construing the will. 'Where the testator in the disposition of his property, overlooks a particular event; which had it occurred to him, he would in all probability have provided against, the courts will not rectify the omission, by implying or inserting the necessary clause; conceiving it would be too much like making a will for the testator, rather than construing that already made.'*" (Italics ours.)

Article 3314, R.C.S., provides for a contingency such as this will presents, and the court below properly disposed of the residue of this estate under the provisions of this statute. This proposition is respectfully overruled. Our holding with respect to this proposition, we think, makes it unnecessary to discuss the other propositions brought forward.

The judgment is in all things affirmed.