**WOLKEWITZ et al. v. WOOD et al.**
No. 6389.

Court of Civil Appeals of Texas. Texarkana.

Oct. 7, 1948.

Rehearing Denied Dec. 16, 1948.

Smith & Smith, of Tyler for appellants.

L. L. James, of Tyler, for appellees.

HALL, ·Chief Justice.

This action was instituted in the District Court of Smith County for the purpose of having the will of L. E. (Ras) Pool, deceased, construed. The will had theretofore been admitted to probate in the county court of Rusk County.

Judgment was entered by the trial court for plaintiffs (appellees) to the effect that L. E. (Ras) Pool, hereinafter referred to as Ras Pool died intestate, as to the mineral estate in the land belonging to his separate estate, as well as all of his personal property.

By points one and three appellants assert that the trial court erred in holding that Ras Pool died intestate "as to the minerals he owned in his separate estate" and "as to the personal property owned by him." By points two and four it is asserted that the trial court erred in failing to hold that Ras Pool impliedly devised his separate mineral estate and his personal property to his sons, Ras Pool, Jr., and Weldon Gladney Pool. The portions of the will pertinent here are:

"State of Texas

"County of Rusk

"Know All Men By These Presents: That we, L. E. (Ras) Pool, and Mrs. Malisa Pool, husband and wife, of Smith County, Texas, being of sound and disposing mind, memory and understanding, in view of the uncertainty of human life, and for the purpose of making the best disposition of our wordly affairs, do hereby make and publish this our last will and testament, revoking all former wills, if any, by us heretofore made.

"It is our will and desire that the survivor of us, L. E. (Ras) Pool or Malisa Pool, as the case may be, shall, with the rights and authority below given, the following of our estate:

"First: If the said L. E. (Ras) Pool shall die first, then his children and their descendants (with the exception of the two children born to the parties hereto) shall have all the real estate that belongs to the said L. E. (Ras) Pool at the time of contracting marriage with the said Mrs. Malisa Pool, but that none of the mineral rights under said land shall go to said children nor their descendants, but the remainder of said property acquired after the marriage of the said L. E. (Ras) Pool and Malisa Pool shall not be divided but shall remain the property of the said Mrs. Malisa Pool during her life time, and then shall descend in equal portions to their two children, Ras Pool, Jr., and Weldon Gladney Pool, to be theirs to do with as they see fit, and without remainder to any one.

"Second: Should I, the said Mrs. Malisa Pool die before the said L. E. (Ras) Pool, it is my will and desire that all the lands owned by me at the time of my marriage to the said L. E. (Ras) Pool to be given in equal portions to my children and their descendants, if any, that is the children commonly designated as the 'Pinkston Children'; but it is not my intentions to will the minerals under said land the property acquired since the marriage of myself and L. E. (Ras) Pool, which I hereby direct shall be kept by him, managed and operated by him during his life time, and at his death it is my will and desire that said property shall be vested in equal portions to our two children, Ras Pool, Jr., and Weldon Gladney Pool, as well as all other property, both real, personal or mixed owned or claimed by us.

"Third: In order to clarify the above legacies, we make this explanation: that the said L. E. (Ras) Pool's children, with the exception of Ras Pool, Jr., and Weldon Gladney Pool, shall share equally in all the lands owned by him prior to his marriage to the said Mrs. Malisa Pool, with the exception of the minerals thereunder; and likewise it is the will of Mrs. Malisa Pool that her children, with the exception of Ras Pool, Jr., and Weldon Gladney Pool, shall inherit, share and share alike all lands owned by her at the time of her marriage to the said L. E. (Ras) Pool, but shall not have the minerals of the same. And at the death of the survivor of this marriage all remaining property owned or claimed by the person last to die of this union shall vest in its entirety in the said Ras Pool, Jr., and Weldon Gladney Pool without remainder to anyone."

It will be noted that on the date of the execution of the will there were three estates involved, namely: (a) the separate estate of Ras Pool, the husband; (b) the separate estate of Malisa Pool, the wife; and (c) the community estate of the two. Likewise, involved are three sets of children, namely; (a) the children of Ras Pool by a former marriage, plaintiffs below and appellees here; (b) the children of Malisa Pool by a former marriage; and (c) the children of Ras Pool and Malisa Pool by their marriage. Since the death of Ras Pool, Malisa Pool has married J. R. Wolkewitz, but for obvious reasons she will be referred to hereafter as Malisa Pool.

By the first paragraph of said will Ras Pool devised to his children by a former marriage the surface estate of his separate real estate. His interest in the community estate was bequeathed to his wife Malisa for life with remainder to their two children, Ras Pool, Jr., and Weldon Gladney Pool. With respect to the mineral estate in Ras Pool's separate lands the will simply states "that none of the mineral rights under said land shall go to said children nor to their descendants," the children by the former marriage. No further mention is made in said will respecting the separate mineral estate of Ras Pool except in paragraph 3 where Ras Pool and wife, Malisa, attempt to clarify the foregoing two paragraphs wherein it is stated that the mineral estate in his separate lands is excepted from the bequest to his children by a former marriage. The mineral estate excepted and withheld from Ras Pool's children by a former marriage is not bequeathed to any one. There is no reference in the will to Ras Pool's personal property.

We said in Murphy v. Honeycutt, Tex. Civ.App., 199 S.W.2d 298, 300, (writ refused):

"The cardinal rule of construction of a will is that the intention of the testator must be ascertained, if possible, at the time

he executed the will, 69 C.J., pp. 52-61 * * * and the intention of the testator must be ascertained from the four corners of the will, giving meaning to all parts if possible. 'Each case must depend upon the ascertainment of the intention of the testator *as manifested by the language used by him in making the disposition of the property involved.*' Sailer v. Furche, Tex.Com. App., 22 S.W.2d 1065, 1068." (Italics ours.)

"More latitude is permitted courts in the construction of a will to ascertain the testator's intention than in the construction of a deed." Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, 149.

In the same case it is said: "The rule obtains in this State that where a person makes a will the general presumption prevails that the testator intended to dispose of all of his property, and there is no presumption that the testator intended to die intestate as to part of his estate *if the words used in the will may carry the whole of his property.*" (Italics.)

 The above rules of construction are useful and may be employed by the court in construing an ambiguous will but they are of little value in the construction of an unambiguous will. The will here under consideration is clear and unambiguous in its terms. No rule may be employed by a court to make a testamentary disposition of property not included in a will and for which no bequest is made by the testator. This would be, in effect, making a will for the testator and ascertaining his intention from what he did not say in the will rather than from what he did say. Nowhere in said will does Ras Pool dispose of the mineral estate in his separate lands or his personal property. Whether such failure was intentional or otherwise we are unable to state except by conjecture, and courts of justice are never permitted to go so far. Philleo v. Holliday, 24 Tex. 38. In 69 C.J., Sec. 1148, pp. 95-97, it is said: "The presumption against a partial intestacy may be applied in construing a will only where an intention to pass the whole estate is expressed in some form; and a construction based on such presumption will not be made where it is apparent from the language of

the will that it would be contrary to the intention of the testator, *or where intestacy is effected by the plain and unambiguous language of the will. Where the testator, intentionally or otherwise, has failed to provide in his will for the disposition of all of his property, or of the entire quantum of his estate * * * the court cannot place a construction on the will not warranted by its language, but the testator must be held to have died intestate as to such property.*" (Italics ours.)

In Grant v. Stephens, Tex.Civ.App., 200 S.W. 893, 895, (writ refused), is found the following quotation from 40 Cyc., 1409 to 1411: "The presumption against partial intestacy, however, arises only where the intention to pass the whole estate is expressed in some form, and it cannot avail where the language used by the testator is plain and unambiguous."

Appellants contend that we should add a phrase to the will so it would effectively pass Ras Pool's mineral estate and personal property to Ras Pool, Jr., and Weldon Gladney, sons of him and Malisa. Such an addition under the circumstances here would not clarify the will as made by Ras Pool, but, as above said, would change its terms and make it dispose of property not bequeathed to any one by the will. Coleman v. Jackson, Tex.Civ.App., 126 S.W. 1178, w/r.

It is said in Philleo v. Holliday, supra: " 'Where the testator in the disposition of his property, overlooks a particular event, which had it occurred to him, he would in all probability have provided against, the courts will not rectify the omission, by implying or inserting the necessary clause; conceiving it would be too much like making a will for the testator, rather than construing that already made.' "

 Although the terms of the will forbid Ras Pool's children by a former marriage from taking the mineral estate, there is no provision in the will declaring to whom his mineral estate and personal property shall go. In such circumstances said property would descend to the heirs of Ras Pool under the statutes of Descent and Distribution. Catalani v. Greneri, Tex.Civ.

App., 153 S.W.2d 1015 (w/r); and authorities there cited.

Appellants insist that under the presumption against partial intestacy we would be authorized in construing Ras Pool's will as passing his entire estate. Unquestionably there is a well grounded rule in this state against partial intestacy. This rule against partial intestacy must yield where the testator failed to provide in the will the person to take his estate. As said in Brooker v. Brooker, Tex.Civ.App., 76 S.W.2d 180, 184: "We are doing by this decision the thing that the testator forbade, to wit, giving a part of the estate to persons attempted to be expressly disinherited. But a will which is only negative is no will. Title must vest and it is not enough to declare who shall not benefit unless the will also provides what shall be done with the estate."

It is clear to us that the will of Ras Pool makes no disposition of the mineral estate in his separate real estate or his personal property, either expressly or by implication.

Therefore the judgment of the trial court is in all things affirmed.