Florence Danby ROWE, Individually and as Executrix of the Estate of James G. Rowe, Jr., Deceased, Appellant,

v.

Elizabeth Ann GILBERT et al., Appellees.

No. 15598.

Court of Civil Appeals of Texas.

Fort Worth.

March 11, 1955.

Rehearing Denied April 1, 1955.

584

Nelson, Montgomery, Robertson & Sellers, and Lee Sellers, Wichita Falls, for appellant.

Rogers & Eggers and Paul W. Eggers, Wichita Falls, for appellees, Elizabeth Ann Gilbert, et al.

Nelson & Sherrod and Eugene Sherrod, Jr., Wichita Falls, for appellee, First National Bank of Wichita Falls, guardian.

MASSEY, Chief Justice.

This is a suit to construe the will of James G. Rowe, Jr. He was married twice. He had several children by the first marriage, which ended in divorce. He married Florence Danby Rowe, and died after a few years, leaving a will. Less than a month prior to his second marriage he purchased a house, which became the home of the couple during their marriage. The property, of course, was actually his separate property, even though there was a lien on the home at time of its purchase. Probably this lien was retired in whole or in part during the term of his marriage to Florence Danby Rowe, though we believe any question thereupon to be immaterial in the construction of the will.

The material part of the will of James G. Rowe, Jr., reads as follows:

1. "I give and devise to my wife, Florence Danby Rowe, one-half of my separate property, recognizing that she has a vested one-half interest in and to all of our community property."

2. "I give and devise to my wife, Florence Danby Rowe, all of my interest in and to my community property."

3. "I give and devise to my wife, Florence Danby Rowe, all of my community interest in and to our home located at 2012 Wenonah, together with all the household furnishings and appliances located therein."

4. "I give and devise to my wife, Florence Danby Rowe, all of my three-quarters interest in the partnership consisting of myself and S. D. Rowe, regardless of its status, whether separate or community."

5. "I give and devise to my wife, Florence Danby Rowe, all of my personal property."

6. "Recognizing that from the foregoing bequests my wife will provide for her daughter, it is my desire to provide for my daughters, Elizabeth Ann, Mary Carolyn and Judith Gail, therefore, I give and bequeath one-half of my separate estate to the Trust Department of the First National Bank of Wichita Falls, Texas, as Trustee, to hold for the benefit of my three daughters, Elizabeth Ann, Mary Carolyn and Judith Gail, subject to the following provisions:"

Could we but construe the word "community" in the term "community interest" in paragraph 3 as a word of description, or as an adjective, we could construe the intent of the testator to have been to give the home to his wife. We would be enabled to hold that there was a misdescription of the property, just as in the time-honored, hypothetical case where a testator misdescribes his only horse as his "white" horse, when in fact its color is black,—and where by the deletion of the word "white" the testator's only horse passes to the receiver intended. To do so in the instant case would be a mistake, in our opinion. "Community property" is as different from "separate property" as books are from bookcases. The terms are terms of identification, and grammatically should be considered as nouns. Therefore, in paragraph 3 the testator was speaking of a specific, identifiable interest in and to specific property.

Of course, in the practical application of the phrase "all of my community interest in and to our home located at 2012 Wenonah", as used in paragraph 3, to the realty owned by the testator, there arose the occasion and necessity which authorized the admission of extrinsic evidence to determine the testator's interest in the property. The extrinsic evidence so admitted disclosed that the testator held full legal title to the property, with said home belonging in its entirety to his separate estate.

There was other extrinsic evidence introduced, but none of such evidence was explanatory of the intent of the testator. None of it was contradictory of any presumption of law which normally obtains absent obviation by proof, and we are charged with the duty of a construction of the will's provisions, unaided by any information other than that testator, in

fact, actually owned the home as his separate estate.

Paragraph 3 is therefore seemingly in contradiction of the other provisions. Elsewhere than in such paragraph the testator gives his children one-half, or an undivided one-half, interest in and to his separate property. The other one-half he gives to his wife. He gives his wife all his community property, or all his interest in and to community property.

What effect, then, does paragraph 3 have on the construction of the will? If the provisions relating to the home in said paragraph are honored, would there be a different interest therein taken by the wife or the children than would be the case if such provisions are ignored?

We believe that the result would be the same in either event. With said provisions honored, a part of the testator's interest in and to the home would necessarily be considered as property as to which he died intestate, such part being the interest he considered as already belonging to his wife and therefore excluded as a devise of the will. The quantity of the interest would be a nebulous percentage, between the full one-half of the property as a maximum amount and the smallest percentage calculable above absolute zero. The measure of the interest would be controlled by whatever interest was considered by testator as the community property interest of his wife. One-half must be taken as the maximum, for if testator treated the entire property of the home as the community property of himself and his wife, then one-half would be the interest he necessarily considered as already being vested in his wife, which interest he had no intent to devise by his will. If a lesser amount than the whole and entire property interest in the home was what testator considered as belonging to his wife, then such one-half would be proportionately reduced, though never to absolute zero, for to do so would be to contradict testator's evident intent to give to his wife some percentage of interest in the home which he denominated his own one-half of the community, the whole of the community interest in question jointly belonging to himself and his wife, share and share alike.

A diminishment in the amount of the whole property interest in the home by whatever proportion the testator might have treated as his own one-half interest as community would correspondingly increase the proportion of it he considered to be his separate property, of which he gave his wife one-half by paragraph 2 and his children one-half by paragraph 6. The giving effect of the provisions of paragraph 3 would operate to exclude from the will's devisory provisions that interest in the home which the testator treated as property belonging to his wife. We must indulge the presumption that the testator did not intend to give his wife an interest in property which he treated as belonging to another, though that other might be the wife herself. 44 Tex.Jur., p. 823, sec. 250; Langehennig v. Hohmann, 1942, 139 Tex. 452, 163 S.W.2d 402. Therefore, in the indulgence of the presumption the property interest in the home which testator treated as belonging to another and not as a subject of devise by his will, said interest would be property as to which he died intestate, 38 Texas Digest, Wills, ▇▇▇ there being no provision of the will which would operate as a residuary clause covering such interest. See Page on Wills, Lifetime Edition, sec. 986, et seq.; Northcott v. Texarkana Nat. Bank, Tex.Civ.App. Texarkana 1940, 142 S.W.2d 535.

▇ If the property interest be considered as property as to which the deceased was intestate, then it, as separate property, would vest in his children under the laws of descent and distribution. Therefore, in the honoring of the provisions of paragraph 3 as to the home, the wife would receive no more than she would receive were they disregarded, for in any event she would receive an undivided one-half interest. With said provisions of paragraph 3 disregarded, the testator's children would receive their one-half interest in the property pursuant to the administration of all of the deceased's property, but with the

provisions honored they would receive said interest under an administration other than that pursuant to the will. No good purpose would be served thereby and it would occasion additional expense and perhaps discord rather than harmony. Therefore, even were there no doubt whatever as to whether the children's one-half interest in and to the home was received pursuant to the operation of laws of descent and distribution rather than through the will of their father, we would be disposed to prefer the administration under the authority of the will. Here, we believe we are at liberty to hold that the provisions relative to the home in paragraph 3 should be disregarded.

 In the event the premise of the foregoing might be obscure to an examiner of this opinion who is not fully acquainted with the details of the case, we take occasion to point out that such interest as a testator considers to belong to his wife as her community interest in property does not become so, pursuant to a will, merely because it was so considered by the testator. If such interest is in fact a separate property interest of the testator, its character remains unchanged because it is not a subject of devise. It is only the interest treated by the testator as the subject of his devise which may, for the purpose of effectuating his purpose, be considered and treated by the courts in the same manner as it was treated and considered by the testator. For the courts to treat any greater interest as having been devised by a will would be to add a provision to the will under guise of construction, and this the courts are powerless to do even to prevent a partial intestacy. Page on Wills, Lifetime Edition, sec. 927.

The trial court construed paragraph 3 as having bequeathed to the testator's wife some right of recoupment or reimbursement against the testator's separate estate because of the use of community funds in the retirement of the lien upon the home in question. Of course, in any marriage if any community funds are actually used in the payment of any separate property indebtedness, or in the enhance-

ment of the value of the separate property of one of the parties, the other party would be entitled to claim his or her part of such funds as an indebtedness due him or her once it became owing, as in the case of dissolution of marriage by death or divorce. But this would not be considered subject matter of a bequest under the will here before us. It would be a matter for administration. In the suit for construction of the will in question, there would be no occasion to go into the matter of indebtedness owing by the deceased's estate.

The judgment is reformed by deletion of any reference therein to the matter of recoupment or reimbursement and, as reformed, is affirmed in the holding that the appellant, Florence Danby Rowe, as an individual, receives an undivided one-half interest in and to the home identified by the will.