Bess FAIN, Appellant,

v.

Mary Greenwall FAIN, Appellee.

No. 16099.

Court of Civil Appeals of Texas.

Fort Worth.

April 29, 1960.

Rehearing Denied May 27, 1960.

Dunlap Cannon, Jr., Memphis, Tenn., McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon, and Ogden K. Shannon, Jr., Fort Worth, for appellee.

RENFRO, Justice.

Appellant Bess Fain, as plaintiff, brought suit for construction of the will of Charles Hardin Fain. A copy of the will was attached to the petition as Exhibit "A". Ap-

pellee Mary Greenwall Fain, surviving wife of Charles Hardin Fain and independent executrix of his will, excepted to appellant's petition on the grounds it affirmatively appeared from the will that appellant could be entitled to a bequest under the provisions of the will only in the event the testator died subsequent to the death of the appellee, and it was shown affirmatively by the petition that testator died prior to that contingency. The exceptions were sustained, and appellant refusing to amend, the case was dismissed.

The pertinent parts of the will read as follows:

"II.

"If I predecease my beloved wife, Mary Greenwall Fain, then and in such event, after the payment of debts and obligations as directed in Paragraph I of this will, I dispose of all my estate, whether separate or my interest in the community, as follows:

"(a) * * * (Expresses appreciation of fellow employees, adding) if I go first, the following special gifts and bequests:

"1. * * * (Then follows 17 separately numbered bequests, leaving a certain amount of money to the 17 named persons.)

"III.

"(a) If my wife shall predecease me, then and in such event, after the payment of debts and obligations as directed in Paragraph I of this will, I dispose of all of my estate, including that realized from my wife, as follows:

"1. * * * (Four specific money bequests to named beneficiaries.)

"(b) The rest and residue of my estate, I give, devise and bequeath as follows:

"(1) * * * (Then follows 7 specific bequests based on a percentage of the residue of the estate.)"

Appellant contends paragraph III (b) was a general residuary clause, applicable regardless of whether testator or appellee died first; appellee contends said clause was residuary only in the event appellee should die before testator.

Appellant points out that the expression "if my wife shall predecease me," appearing at the beginning of paragraph III(a), is not found in paragraph III(b); and argues that the appearance of the Roman Numeral III at the head of the paragraph so designated is of no controlling significance; that the appearance of the Roman Numeral III cannot be construed to make paragraph III(b) subject to something that is said in paragraph III(a), to wit, "if my wife shall predecease me."

There is no residuary clause in paragraph II. If subdivision "(b)" is not effective as a residuary clause regardless of which died first, then testator, having died first, died intestate as to all his estate except as to the specific bequests made in paragraph II(a).

The rule obtains in this state that where a person makes a will the general presumption prevails that the testator intended to dispose of all his property, and there is no presumption that the testator intended to die intestate as to any part of his estate if the words used in the will may carry the whole of his property. Briggs v. Peebles, 144 Tex. 47, 188 S.W. 2d 147; however, as held in Brooking v. McCutchen, Tex.Civ.App., 135 S.W.2d 197, 199, "Ordinarily, a strong presumption exists that the testator did not intend to die intestate as to any part of his estate, by the execution of the instrument, but such presumption must necessarily yield to the otherwise clear language of his will," and in Banks v. Banks, Tex.Civ.App., 229 S.W. 2d 99, 103 it was held: "'But the presumption of the intention not to die intestate is not conclusive; it cannot avail where the language of the will is plain so as to change or control the actual intention of the maker.' * * * 'such pre-

sumption, however strong it may be, will not authorize the making of a new will by the court or the inclusion of other property that cannot be brought within the terms of the one made by the testator.'"

■ In the will before us the testator in paragraph II disposed of all his estate "whether separate or my interest in the community" if he predeceased his wife. In paragraph III he disposed of "all of my estate, *including that realized from my wife*" (emphasis added) in the event his wife (appellee) predeceased him.

Only in paragraph II did the testator expressly dispose of his property provided he died before his wife. It is clear from the words used that he did intend in paragraph II to dispose of all his property in the manner set out in case he died first. No mention is made of appellant in paragraph II.

In fact, he did not dispose of all his property in paragraph II. In that paragraph, and only in that paragraph, however, he dealt with the possibility of his death prior to that of his wife. Paragraph III, on the other hand, begins, "If my wife shall predecease me," followed by detailed, separately numbered paragraphs. Since testator and appellee were childless, testator knew that if appellee died prior to his death, he would be her only heir. Therefore in paragraph III he was, conditioned on the prior death of his wife, disposing of all his property, "including that realized from my wife," rather than his separate and community half mentioned in paragraph II. It appears to us that the testator did what he intended to do in paragraph III. He intended to dispose of all his property in a certain manner if his wife predeceased him. She did not predecease him. He intended, in view of such contingency, to dispose of all his property in the manner set out in the remainder of the will. The first four bequests after (a) of paragraph III are definite money awards. Then appears "(b) The rest and residue of my estate, I give,

devise and bequeath as follows:", then follows 7 numbered bequests, none of which are for a definite fixed amount. It seems reasonable to us that testator placed the residue clause after the first four bequests in paragraph III because the first four bequests were for specific definite amounts of money, while the remaining 7 bequests were made, largely, on a percentage basis of the residuary. Such construction is logical. Paragraph (b) is in the natural position for such purpose. Paragraph III made a complete disposition of all property, if the wife died first, including residual provisions. There is nothing expressly in paragraph III to indicate that testator intended (b) of paragraph III to apply to paragraph II. There is nothing expressly in paragraph II to indicate that (b) of paragraph III would apply if testator died first.

We believe the trial court was correct in construing the will to mean that subdivision (b) of paragraph III applied only in the event appellee predeceased testator.

■■ We realize that such construction results in testator having died intestate as to part of his property. But, where the testator, intentionally or otherwise, has failed to provide in his will for the disposition of all of his property, or of the entire quantum of his estate, the court cannot place a construction on the will not warranted by its language, but the testator must be held to have died intestate as to such property. Wolkewitz v. Wood, Tex.Civ.App., 216 S.W.2d 611. Whether testator's failure to dispose of all his property in event he died first was intentional (knowing appellee would inherit it) or otherwise, we are unable to state except by conjecture, and courts are not permitted to go so far. Philleo v. Holliday, 24 Tex. 38; Northcott v. Texarkana Nat. Bank, Tex.Civ.App., 142 S. W.2d 535; Rowe v. Gilbert, Tex.Civ.App., 276 S.W.2d 583.

■ The cardinal rule of construction of wills always is that the intent of the

testator will control and the courts should never adopt any rule of construction which has the effect of destroying the manifest intention of the testator. Lockett v. Wood, Tev.Civ.App., 84 S.W.2d 798, affirmed, Peden Iron & Steel Co. v. Lockett, 131 Tex. 287, 115 S.W.2d 405. The testator's intent must be ascertained from the meaning of the words in the instrument. Hunt v. White, 24 Tex. 643.

Considering the will as a whole, from its four corners, and all the words used therein, we are of the opinion the testator's intention was to give a portion of his estate to certain named persons if he died before his wife, and if his wife died first, to leave the entire combined estate to the entirely different persons named in paragraph III.

The judgment is affirmed.